UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEXANDER ALVARES, | Case No. CV 12-3675-DMG(AJW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER DISMISSING PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND |
| MCEWEN, | |
| Respondent. | |

On April 27, 2012, petitioner filed a document entitled "Notice of Motion to Stay."  Petitioner seeks an order staying his petition for a writ of habeas corpus pending his exhaustion of state remedies. [Motion at 1-2]. Liberally construing the document as a petition for a writ of habeas corpus, it is subject to summary dismissal.

As pleaded, the petition fails to provide basic essential information, such identifying the conviction petitioner seeks to challenge and describing where and when that conviction occurred.  It also fails to allege any claims for relief, and does not state whether petitioner has exhausted any of his claim by presenting them to the California Supreme Court. See 28 U.S.C. §2254(b)(1)(A) ("an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

unless it appears that the applicant has exhausted the remedies available in the courts of the State.").

To the extent that petitioner seeks application of statutory or equitable tolling to any future federal petition he may elect to file, see 28 U.S.C. §2244(d)(2); Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288-1289 (9th Cir. 1997), cert. denied, 522 U.S. 1099 & 523 U.S. 1061 (1998), overruled on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999), such request is premature.[1] Petitioner has not yet filed a proper federal petition challenging his conviction or sentence. Further, at this stage, whether the state will raise the defense of the statute of limitation pursuant to 28 U.S.C. §2244(d) if petitioner does file a proper federal petition is purely speculative. The timeliness of any federal petition properly filed by petitioner should be considered if

---

[1] The Court cannot determine the date on which petitioner's conviction became final for purposes of the AEDPA's statute of limitation. Generally, a state conviction is final 90 days after the petitioner's petition for review is denied. See Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). Petitioner would have one year from that date within which to file a federal petition. Of course, this period would be extended if petitioner has a properly filed state application for relief pending or is entitled to equitable tolling. See 28 U.S.C. §2244(d)(2) (explaining that the one year period does not include any time during which a properly filed state application for relief is pending); Carey v. Saffold, 536 U.S. 214, 218-219 (2002) (holding that in California, state habeas petitions are "pending" so as to toll the limitation period during the interval between a lower court's determination of an initial petition and the filing of a subsequent petition in a higher court); Pace v. DiGuglielmo, 544 U.S. 408, 413-414 (2005) (state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state petition was timely filed under state law & equitable tolling is available only if the petitioner has been pursuing his rights diligently, and some extraordinary circumstance stood in his way). Nothing in this order should be construed as an opinion as to the timeliness of any future petition.

1  and when petitioner files such a petition. Thus, the issue of
2  petitioner's entitlement to the application of statutory or equitable
3  tolling is not ripe for determination.
4      For these reasons, the petition is dismissed without prejudice
5  and with leave to amend. Petitioner shall have twenty-eight (28) days
6  from the date of this order within which to file an amended habeas
7  petition <u>on the forms provided by the clerk</u>. The amended petition
8  shall bear case number CV 12-3675-DMG(AJW) and shall set forth each of
9  petitioner's claims for relief. It also shall indicate which claims
10 have been presented to the California Supreme Court and which have
11 not. At the time he files his amended petition, he also may file a
12 motion to stay the petition pending exhaustion of state remedies.
13     Petitioner is cautioned that failure to timely comply with this
14 order may result in dismissal of this action without prejudice.

**It is so ordered.**

Dated: <u>May 4, 2012</u>

Andrew J. Wistrich
United States Magistrate Judge

3